# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **CADENCE BANK, N.A.**, a national banking association, | ) ) ) |
| Plaintiff, | ) ) **CIVIL ACTION NO.:** |
| v. | ) ) **2:17-cv-01799-JEO** |
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA**, a Minnesota insurance corporation doing business in Alabama, | ) ) ) ) ) |
| Defendant. | ) |

## MOTION TO REMAND

Comes now plaintiff, Cadence Bank, N.A. ("Cadence"), and, pursuant to 28 U.S.C. § 1447(c), moves the Court to remand this case to the Circuit Court of Jefferson County, Alabama, Birmingham Division, on the ground that this honorable Court lacks subject-matter jurisdiction. Cadence would show unto the Court the following:

1. Defendant's Notice of Removal erroneously alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. The Defendant, Allianz Life Insurance Company of North America ("Allianz"), has not established the minimum amount in controversy for purposes

1

of diversity jurisdiction. The Complaint filed by Cadence in State court properly pleads a demand for $41,348.92, plus applicable prejudgment interest and costs of court. The amount in controversy—$41,348.92—does not "exceed[] the sum or value of $75,000, exclusive of interest and costs," which is the jurisdictional threshold under § 1332(a).

3. The Notice of Removal overlooks governing federal and state law as well as the facts of this case. Allianz's jurisdictional allegations are frivolous. This case should be remanded to the State court. Cadence also requests an award of its expenses incurred to respond to the untenable Notice of Removal, including reasonable attorney's fees.

## BACKGROUND

4. This action arises from a security interest held by Cadence in an annuity (the "Annuity") that was issued by Allianz. *See* Complaint ¶ 6.

5. The security interest secured a loan (the "Loan") that Cadence made to the Law Offices of Sam Hill, LLC ("Law Offices"). Complaint ¶¶ 3-6. Samuel M. Hill ("Hill") owned the Annuity and pledged it as security for the Loan. Complaint ¶¶ 5, 6. The pledge was implemented with a collateral assignment of the Annuity, which Allianz accepted. Complaint ¶¶ 6-9. After receiving the assignment, and in violation of Cadence's security interest, Allianz allowed withdrawals

from the annuity without the knowledge or consent of Cadence.  Complaint ¶¶ 13, 14.

6. When Law Offices and Hill defaulted on the Loan, the remaining value of the Annuity was not sufficient to pay the entire amount due to Cadence.  Complaint ¶¶ 15-17.  A deficiency of $41,348.92 remained under the Loan as a result of the unauthorized withdrawals permitted by Allianz.  Complaint ¶¶ 18, 19.

7. If Allianz had not permitted unauthorized withdrawals totaling $41,348.92, the Loan would have been paid in full through Cadence's security interest in the Annuity.  *See* Complaint ¶¶ 19, 20.  Although other withdrawals also were made, Cadence did not assert a right to any amount over the $41,348.92 that was required to pay off the Loan.

8. Cadence sued Allianz for $41,348.92 in the Circuit Court of Jefferson County, Alabama, Birmingham Division.  The Complaint states three alternative claims for the same $41,348.92 in damages:  breach of the annuity contract (Count One); conversion of funds from the Annuity (Count Two); and negligence in permitting unauthorized withdrawals from the Annuity (Count Three).  Each count demand the same damages, in the amount of $41,348.92.

9. In addition to demanding the sum of $41,348.92 in the prayers for relief, the Complaint explicitly alleges "damage to Cadence in the amount of $41,348.92, which was the unpaid indebtedness of Law Offices and Hill after Ca-

dence received and applied the remaining funds from the Annuity." Complaint ¶ 20. The Complaint does not allege or seek recovery of any additional damages other than interest and costs.

## STANDARD FOR DETERMINING REMAND MOTION

10. "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 270 F.3d 967, 972 (11th Cir. 2002). Because federal courts are courts of limited jurisdiction, the removing defendant's burden is a heavy one:

> While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand**.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added; citations omitted). *See also Freidman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("As this Court noted in *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277 (11th Cir.2001), '[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.'"); *Lewis v. Nextel Communications, Inc.*, 281 F. Supp. 2d 1302, 1306 (N.D. Ala. 2003) ("[I]t is fundamental that the removal statutes, 28 U.S.C. §§ 1441-1452, be strictly construed, with doubts resolved against removal.").

4

11.     Where a complaint filed in state court expressly pleads an amount in controversy that is less than the jurisdictional minimum set by § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 18 U.S.C. § 1446(c)(2).

12.     The presumption that the amount demanded in a complaint is the amount in controversy can be overcome in some circumstances if, as in Alabama, a plaintiff is permitted under state practice to recover more than the specific damages demanded. *Id.* § 1446(c)(2)(A)(ii). To rebut the presumption that the amount demanded is the amount in controversy, however, the removing party must establish "by the preponderance of the evidence" that the amount in controversy actually exceeds $75,000.00. *Id.* § 1446(c)(2)(B); *Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1279 (M.D. Ala. 2015) (remanding case and citing the "preponderance of the evidence" standard). Where a plaintiff disputes a defendant's allegation that the amount in controversy exceeds $75,000.00, "[t]he Court must find that it is 'more likely than not' that the plaintiff could recover more than $75,000 from the defendants in order for jurisdiction to exist under Section 1332." *Bennett v. Williams*, No. 7:17-cv-00602-LSC, 2017 WL 3781187, at *1 (N.D. Ala. Aug. 31, 2017) (remanding case).

13. "Any doubt about the existence of federal jurisdiction 'should be resolved in favor of remand to state court.'" *Bennett*, 2017 WL 3781187, at *1 (citation omitted).

14. "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Reid Cab Co.*, 3030 U.S. 283, 294, 58 S. Ct. 586, 593 (1938).

## GROUNDS FOR REMAND

15. The Notice of Removal's reasoning appears to rest on the specious propositions that (a) Cadence **could** have sued Allianz for more than $41,348.92, and, therefore, (b) the amount in controversy must be deemed to be a larger number even if Cadence has no right to recover more than $41,348.92. These contentions find no support in law or fact.

16. This is a $41,348.92 case for the amount that remained unpaid on the Loan—$41,348.92—after Cadence enforced its security interest in the Annuity. *See* Complaint ¶¶ 3-20. That is the loss pleaded in the Complaint, and, under Alabama law, that is the loss that is recoverable under the circumstances.

17. The three claims stated in the Complaint—breach of contract, conversion and negligence—demand the same damages ($41,348.92) under alternative

6

theories governed by Alabama law. Alternative claims for the same damages are not aggregated for purposes of determining the amount in controversy for diversity jurisdiction. *See, e.g.*, *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (stating that alternative bases of recovery for the same harm are not aggregated to determine jurisdiction); *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001) (holding that "one claim pleaded in the alternative under separate legal theories *cannot* be aggregated for jurisdictional purposes"); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("[I]f these claims are alternative bases of recovery for the same harm under state law, Suber could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.").

18. A party asserting the existence of the requisite amount in controversy for diversity jurisdiction may not rely on an amount of damages that cannot be awarded under the governing state law. *See, e.g.*, *Stengel v. Black*, No. 03 Civ. 0495(GEL), 2004 WL 193612, at *2 (S.D.N.Y. Aug. 30, 2004) ("To determine the amount in controversy in a claim for money damages, the starting point is the measure of damages permitted under the cause of action claimed."); *Brown v. New York State Sup. Ct. for the 2d Judicial Dist.*, 680 F. Supp. 2d 424, 429 (E.D.N.Y. 2010) (explaining that the amount in controversy falls below the jurisdictional

threshold where "a specific rule of substantive law or measure of damages limits the money recoverable by the plaintiff" (internal quotation marks and citation omitted)).

### Measure of Damages for Breach of Contract = $41,348.92

19.    As a matter of black-letter Alabama law, "[t]he general rule as to the measure of damages in breach of contract cases is that damages are recoverable which are the natural and proximate consequence of the breach, and it is that sum which would place the injured party in the same condition he would have occupied if the contract had not been breached." *Ex parte Steadman*, 812 So. 2d 290, 295 (Ala. 2001); *see also Joiner v. Holland & Woodard Co., Inc.*, 652 So. 2d 261, 262 (Ala. Civ. App. 1994) (stating that "[t]he measure of damages in a breach of contract case is 'that sum which would place the injured party in the same condition he would have occupied if the contract had not been breached'" (citation omitted)).

20.    Cadence's Complaint demands the sum of money that would place Cadence in the condition that it would have occupied if Allianz had not breached its contract. That sum is $41,348.92, which was the shortfall in the repayment of the Loan balance from the Annuity. A recovery of more than $41,348.92 would *exceed* the sum required to put Cadence in the position that it would have occupied in the absence of the breach. Thus, notwithstanding the misguided arguments in the Notice of Removal, the measure of damages under Alabama law as stated in

*Steadman* and *Joiner* does **not** enable Cadence to recover more than $75,000.00 for Allianz's breach of contract.

21. The Notice of Removal fails to present either facts or law that would establish, by a preponderance of the evidence, that "it is 'more likely than not' that [Cadence] could recover more than $75,000 from [Allianz] in order for jurisdiction to exist under Section 1332." *Bennett*, 2017 WL 3781187, at *1. Specifically, Allianz has not demonstrated that, if Cadence proves its contract claim, a sum in excess of $75,000.00 would place Cadence in the same condition that the bank would have occupied if the contract had not been breached.

### Measure of Damages for Conversion = $41,348.92

22. The Notice of Removal misstates the measure of damages under Alabama law for the conversion of a secured party's interest in collateral. Under the correct measure of damages, Cadence's recovery on its conversion claim also is limited to $41,348.92.

23. "[A]n action for conversion is a proper remedy for a secured party to bring against a third party when its collateral has been disposed of by the debtor." *Taylor Rental Corp. v. J.I. Case Co.*, 749 1526, 1528 (11th Cir. 1985).

24. The potential recovery for a secured party such as Cadence in an action for conversion of collateral is **not** the difference in the collateral's value before and after the conversion. Rather, under the established law of Alabama, the se-

9

cured party's recovery is *limited to the amount of the borrower's indebtedness*. *Redd Chem. & Nitrate Co. v. W.T. Clay Mercantile Co.*, 219 Ala. 478, 481, 122 So. 652, 655 (1929) (holding that "the measure of the damage recoverable against the bank, if it has converted assets impressed with an equitable lien as a security for the debt, is limited by the debt which the lien secures"); *Forbes & Carloss v. Plummer*, 198 Ala. 162, 168, 73 So. 451, 454 (1916) (explaining that, where there is an enforceable lien on property, the holder of the lien "ought not to recover except for the value of his own interest in the property," and not for the value of other parties' interests).

25.     As pleaded in the Complaint and shown in its exhibits, Hill's pledge of the Annuity was for the amount due under the $225,000.00 Loan to Law Offices, not for any amount in excess of the Loan. *See* Complaint ¶¶ 3-6 & Exs. A, B thereto. After Law Offices and Hill defaulted on the Loan, and upon Cadence's receipt of the remaining funds in the Annuity, Cadence's security interest was impaired to the extent of $41,348.92. That was the shortfall. Cadence has no right under Alabama law to demand the recovery of funds in excess of its security interest. Allianz's allowance of withdrawals from the Annuity in excess of $41,348.92 are irrelevant to Cadence's lawsuit, because Cadence has no claim to anything over the $41,348.92 covered by its security interest.

26. Allianz has not established by a preponderance of the evidence that Cadence has a legally colorable conversion claim for a sum in excess of $75,000.00 based on a $41,348.92 impairment of Cadence's security interest in the Annuity.

### **Measure of Damages for Negligence = $41,348.92**

27. For tort claims such as one alleging negligence, the measure of compensatory damages under Alabama law is the sum that will "compensate the injured party for his or her loss or injury and . . . make the injured party whole." *Pritchett v. State Farm Mut. Auto. Ins. Co.*, 834 So. 2d 785, 788 (Ala. Civ. App. 2002); *see also Ex parte Moebes*, 709 So. 2d 477, 478 (Ala. 1997) ("Compensatory damages are designed to make the plaintiff whole by reimbursing him or her for the loss or harm suffered.").

28. Cadence's Complaint specifically pleads facts showing that its loss resulting from Allianz's misconduct is "$41,348.92, which was the unpaid indebtedness of Law Offices and Hill after Cadence received and applied the remaining funds from the Annuity." Complaint ¶ 20.

29. Allianz has failed to present any evidence to the Court that would establish that "it is 'more likely than not' that [Cadence] could recover more than $75,000 from [Allianz]" if Cadence proves its negligence claim. 2017 WL 3781187, at *1.

## **Irrelevant Discussion of "Set-Off"**

30. The Notice of Removal appears to suggest that, for this Court's jurisdictional purposes, the amount in controversy must be deemed to include *more* than Cadence actually has a right to recover under Alabama law, and that the difference between what Cadence could recover and the allegedly much greater amount in controversy would simply be the subject of a "set-off" defense to be asserted by Allianz. That is nonsense.

31. The entire discussion of "set-off" in the Notice of Removal misapprehends the true nature of a "set-off" under Alabama law. Contrary to the Notice of Removal's argument, set-off is not even an affirmative defense in Alabama. "Set-off" is a permissive *counterclaim*, not an affirmative defense. *See, e.g.*, *Romar Dev. Co. v. Gulf View Mgmt. Corp.*, 644 So. 2d 462, 468 (Ala. 1994) ("noting that "set-off" is a permissive counterclaim and "recoupment" is a compulsory counterclaim).

32. The Notice of Removal cites no legal authority for the proposition that the determination of the amount in controversy for purposes of diversity jurisdiction must inflate the sum demanded by the plaintiff to account for some unpleaded counterclaim that a defendant might assert.

33. Whether the Notice of Removal intended to refer to a counterclaim for "set-off" or any other counterclaim or affirmative defense, there is no legal authori-

ty for holding that a plaintiff should be deemed to demand sums that the plaintiff is not seeking and knows that it is not entitled to recover.

34. By way of example: If Allianz owed a bank $100,000.00 under a note, and someone else has paid the bank $95,000.00 of the debt, any claim against Allianz by the bank for the balance would be for only $5,000.00. It is absurd to suggest that, where it is undisputed that $95,000.00 of the debt has been paid and only a balance of $5,000.00 remains unpaid, and where the bank does not demand another payment of the $95,000.00 that already has been paid, the "amount in controversy" is nonetheless the full $100,000.00 note. ***There is no "controversy" about the $95,000.00 where it is undisputed that the sum is not still owed.*** The same applies here. The Notice of Removal does not dispute that $41,348.92 was owed to Cadence after Cadence received the remaining funds from the Annuity. There is no "controversy" about any amount over $41,348.92.

35. A case from this Court cited in the Notice of Removal actually demonstrates that the amount in controversy here is ***not*** sufficient to support diversity jurisdiction. *See Sayer v. Lincoln Nat'l Life Ins. Co.*, No. 7:05-CV-1423-RDP, 2006 WL 6253201, at *5 (N.D. Ala. Oct. 12, 2006). *Sayer* does not address any jurisdictional question. It does, however, hold that once a plaintiff has "received everything to which she was entitled under the [annuity] contract," she had no viable claim for anything more. *Id.* The Court held: "This court can offer no relief

13

for an injury not suffered." In the present case, when Cadence recovers the sum of $41,348.92 under the Annuity (plus any applicable interest), it will have received everything to which it was entitled under the Annuity.

36.     Allianz cannot legitimately *create* a controversy regarding amounts that are *not* in controversy. Cadence has not sought or asserted any claim to any funds beyond those to which it is entitled as a result of its security interest in the Annuity.

37.     The Eleventh Circuit rejected an argument somewhat similar to that advanced by the Notice of Appeal when it refused to find diversity jurisdiction in *Freidman v. New York Life Ins. Co.*, 410 F.3d 1350 (11th Cir. 2005). The plaintiff in *Friedman* complained about a premium increase for her health insurance policy. Holding that jurisdiction was lacking and ordering the district court to remand the case, the Eleventh Circuit squarely rejected the insurer's contention that the face value of the policy should be considered as the amount in controversy. 410 F.3d at 1357. The Eleventh Circuit wrote: "Where, as here, there is no controversy involving the face value of the policy, but only with regards to certain premiums, it would make no sense to consider the policy's face value to be the amount in controversy." *Id.*

38.     Because Cadence's Complaint does not place at issue a sum in excess of $75,000.00, exclusive of interest and fees, federal diversity jurisdiction under 28 U.S.C. § 1332 does not exist.

### Cadence's Request for Attorney's Fees and Costs on Remand

39.     The removal of this action to this Court was not supported by the facts and governing law.  Pursuant to 28 U.S.C. § 1446(c), Cadence requests that the Court grant it an opportunity to submit proof of its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," and award Cadence the same in the order remanding the case.

WHEREFORE, the premises considered, Cadence prays that the Court enter an order remanding this case to the Circuit Court of Jefferson County, Alabama, Birmingham Division, and awarding Cadence its costs and attorney's fees incurred as a result of the removal.

Respectfully submitted,

/s/ Randall D. Quarles
Randall D. Quarles, ASB-6224-U81R
An Attorney for Plaintiff Cadence Bank, N.A.

**OF COUNSEL:**
Frances P. Quarles, ASB-3466-R81F
QUARLES LAW FIRM, LLC
300 Office Park Drive
Suite 100
Mountain Brook, AL 35223
Telephone: (205) 874-7000
Telecopier: (205) 874-7002
rquarles@quarleslawfirm.com
fquarles@quarleslawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send e-notification of such filing to the following counsel:

Michael L. Bell, Esq.
Rachel M. Lary, Esq.
Benjamin S. Wilson, Esq.
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200

This the 27th day of October, 2017.

/s/ Randall D. Quarles
Of Counsel