IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CADENCE BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:17-cv-01799-JEO ) |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

This case is before the Court on the Plaintiff's motion to remand the case to the Circuit Court of Jefferson County, Alabama. (Doc. 8). The motion includes a request for an award of attorney's fees and costs incurred as a result of the removal. The Defendant has filed a response in opposition to the motion to remand (doc. 14) and the Plaintiff has replied (doc.17). For the reasons that follow, the Court will grant the Plaintiff's motion to remand but deny its request for fees and costs.

## PROCEDURAL HISTORY

Plaintiff Cadence Bank, N.A. ("Cadence") filed this action in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1, Complaint). The action arises from a security interest held by Cadence in an annuity issued by defendant Allianz Life Insurance Company of North America ("Allianz"). The annuity was pledged

as security for a loan made by Cadence to a third-party. In its complaint, Cadence alleges that Allianz allowed withdrawals from the annuity without Cadence's knowledge or consent and in violation of Cadence's security interest. Cadence alleges that, when the third-party subsequently defaulted on the loan, the remaining value of the annuity was insufficient to pay off the entire amount due, and that a deficiency of $41,348.92 remained on the loan as a result of the unauthorized withdrawals permitted by Allianz. Cadence has asserted claims against Allianz for breach of the annuity contract (Count One), conversion of funds from the annuity (Count Two), and negligence (Count Three). All three counts demand judgment against Allianz "in the amount of $41,348.92, plus applicable prejudgment interest and costs" as well as "such further and different relief as the Court may deem just and appropriate." (Complaint, Counts One, Two & Three).

Allianz timely removed the case to this Court. (Doc. 1, Notice of Removal). In its notice of removal, Allianz asserts that the Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). Alliance avers that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, notwithstanding Cadence's demand for only $41,348.92 in damages in each count of its complaint. Allianz contends that the actual amount in controversy is the difference between the value of the annuity before Allianz allegedly allowed the unauthorized

withdrawals ($345,515.59) and its value afterwards ($213,000.00), or $132,515.59. (Notice of Removal, ¶ 8).

Following removal, Cadence filed the instant motion to remand. (Doc. 8). Although Cadence does not dispute that there is complete diversity of citizenship between the parties, it argues that Allianz has not established the minimum amount in controversy for purposes of diversity jurisdiction. Cadence insists that the amount in controversy is $41,348.92, an amount that is far less than the jurisdictional threshold of $75,000.00. (Doc. 8, ¶ 2).

## DISCUSSION

**A.     Legal Standard**

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts are courts of limited jurisdiction, the removing defendant's burden is a heavy one:

> While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (internal citations omitted).

Where, as here, a complaint filed in state court expressly pleads an amount in controversy that is less than the jurisdictional minimum set by 42 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). To overcome this presumption, the removing party must establish "by the preponderance of the evidence" that the amount in controversy actually exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(B). Where a plaintiff disputes a defendant's allegation that the amount in controversy exceeds $75,000.00, "[t]he Court must find that it is 'more likely than not' that the plaintiff could recover more than $75,000 from the defendant[ ] in order for jurisdiction to exist under Section 1332." *Bennett v. Williams*, No. 7:17-cv-00602-LSC, 2017 WL 3781187, *1 (N.D. Ala. Aug. 31, 2017) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Moreover, if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

**B.  Analysis**

In its opposition to Cadence's motion to remand, Allianz correctly notes that "Alabama practice permits a plaintiff to recover damages in excess of the amount it demands in its complaint." (Doc. 14 at 3) (citing ALA. R. CIV. P. 54(c)).  Allianz

4

then argues that "the preponderance of the evidence shows that the amount in controversy [in this case] exceeds the specifically pled amount of $41,348.92." (*Id.* at 4). Allianz advances three arguments for why the amount in controversy is greater than $41,348.92 and exceeds the $75,000.00 jurisdictional threshold. The Court rejects all three arguments.

Allianz first argues that the Court "need not look further than Cadence's intentional tort claim for conversion and request for an award of damages in addition to the $41,348.92 that the Court deems 'just and proper' to find sufficient evidence that the amount in controversy exceeds $75,000." (Doc. 14 at 4). Allianz notes that conversion is "an intentional tort that allows for the recovery of punitive damages" and argues that, if proven, "punitive damages are those additional damages that Cadence seeks that are 'just and appropriate.'" (*Id.* at 5). Allianz's argument fails for at least two reasons. First, Cadence has not requested "additional damages" that are just and appropriate; it has requested "such further and different relief" as may be deemed just and appropriate. Allianz has offered no evidence that the "further and different relief" requested by Cadence is an award of punitive damages. Second, punitive damages are available for a tort claim under Alabama law only where a plaintiff proves by clear and convincing evidence that the defendant "consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." ALA. CODE § 6-11-20(a).

5

Cadence's complaint does not allege that Allianz consciously engaged in any oppression, fraud, wantonness, or malice with regard to Cadence, and there is no demand for punitive damages anywhere in the complaint. Allianz has not shown by a preponderance of the evidence that it is more likely than not that Cadence could recover more than $75,000.00 from Allianz in compensatory and punitive damages, given that the complaint does not even seek an award of punitive damages, much less provide any clue as to what the likely amount of punitive damages might be.

Allianz next argues that "Cadence [has] refused to expressly disclaim entitlement to more than the amount it has pled" and that such refusal "demonstrates that its specifically pled damages of less than the jurisdictional amount are nothing more than a thinly veiled attempt to avoid removal." (Doc. 14 at 7). In its reply brief, Cadence points out that it has, in fact, stipulated that "the amount it is seeking to recover is $41,348.92, exclusive of interest and costs." (Doc. 17 at 13; Doc. 17-1). In any event, a plaintiff's refusal to stipulate to damages is insufficient to show that the amount in controversy exceeds the jurisdictional amount. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."); *Cox v. Auto Owners Ins. Co.*, No. 2:17cv490-CSC, 2017

WL 4453334, *3 (M.D. Ala. Oct. 5, 2017) ("The mere fact that Cox has declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that his damages exceed that amount.").

Allianz's final argument is confusing and difficult to follow. As best as the Court can discern, Allianz appears to argue that the amount in controversy is not the amount of the deficiency owed on the underlying loan and being sought by Cadence in its complaint ($41,348.92), but rather the total amount of the allegedly unauthorized withdrawals from the annuity allowed by Allianz ($132,515.59), even though Cadence is not seeking to recover that amount from Allianz and has not been damaged in that amount. (Doc. 14 at 7-9). As aptly put by Cadence in its reply brief, "Allianz argues that the amount in controversy must incorporate a demand that is not made for an amount that is not recoverable." (Doc. 17 at 6). That argument is illogical on its face.

Based on the above, the Court finds that Allianz has not met its burden of establishing by a preponderance of the evidence that Cadence's claims more likely than not exceed the jurisdictional threshold of $75,000.00. Accordingly, the Court lacks diversity jurisdiction over the case, which is due to be remanded to the Circuit Court of Jefferson County, Alabama.

## C. Attorney's Fees and Costs

In its motion to remand, Cadence argues that an award of attorney's fees and costs is warranted because Allianz's removal of this action "was not supported by the facts and governing law." (Doc. 8, ¶ 39). An order remanding a removed case to state court "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although the Court has determined that the case is due to be remanded, the Court is otherwise satisfied that Allianz had an objectively reasonable basis for removing the case. Cadence's request for attorney's fees and costs will be denied.

## CONCLUSION

For the foregoing reasons, Cadence's motion to remand (doc. 8) will be GRANTED except to the extent that Cadence has requested an award of attorney's fees and costs. A separate order remanding the case to the Circuit Court of Jefferson County, Alabama, will be entered.

**DONE** this 27th day of November, 2017.

                                                  **JOHN E. OTT**
                                                  Chief United States Magistrate Judge